IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **WARRIOR ENERGY SERVICES CORPORATION d/b/a FASTORQ, LLC and SUPERIOR ENERGY SERVICES-NORTH AMERICA SERVICES, INC.** § § § § §<br>     Plaintiffs, §<br> §<br>**vs.** §<br> §<br>**SANARE ENERGY PARTNERS LLC.** §<br>     Defendant. § | | Civil Action No. 4:24-cv-3036<br><br>Judge _____<br><br>Mag. Judge _____<br><br>**JURY TRIAL DEMANDED** |

**WARRIOR ENERGY SERVICES CORPORATION, LLC AND SUPERIOR ENERGY SERVICES-NORTH AMERICA SERVICES, INC.'S COMPLAINT FOR INDEMNITY/BREACH OF CONTRACT AND DECLARATORY JUDGMENT**

Plaintiffs, Warrior Energy Services Corporation, LLC ("Warrior") and Superior Energy Services-North America Services, Inc. ("Superior") (collectively, "Warrior/Superior"), by and through their attorneys, bring this civil action against defendant, Sanare Energy Partners LLC ("Sanare"), and allege as follows:

## I. PRELIMINARY STATEMENT

1. This lawsuit arises from Sanare's failure to tender defense and indemnity to Warrior/Superior according to the Master Service Agreement between Sanare and Warrior dated October 14, 2021 ("MSA") (attached hereto as Exhibit "A"), with respect to claims asserted against Warrior/Superior in the lawsuit styled *Blanchard v. Snare Energy Partners LLC, et al.*, No. 4:22-cv-02420, in the United States District Court for the Southern District of Texas, Houston Division ("Lawsuit"). Warrior executed the MSA with Sanare, whereby Sanare agreed to protect, defend, indemnify, and hold Warrior/Superior harmless from and against any and all claims by employees of Sanare's contractors and/or subcontractors that arose out of work and/or services performed under the MSA.

2. On or about March 25, 2022, an employee of one of Sanare's subcontractors suffered fatal injuries while working on Sanare's offshore platform in the Gulf of Mexico. On June 2, 2022, Sanare was sued for damages in Harris County District Court. On July 21, 2022, the case was removed to the Southern District of Texas (the Lawsuit). On May 15, 2024, Warrior/Superior were joined in the Lawsuit with the plaintiff claiming that Warrior/Superior had performed work on Sanare's offshore platform that caused the plaintiff's injuries. *See* Third Amended Complaint, *Blanchard*, No. 4:22-cv-02420, doc. 74 (attached hereto as Exhibit "B").

3. On May 24, 2024, Warrior/Superior sent written demand for defense and indemnification to Sanare. Despite that formal demand and multiple informal requests by Warrior/Superior's counsel that Sanare defend and indemnify Warrior/Superior, Sanare has refused and continues to refuse such requests. Sanare's nonperformance of its contractual-indemnity obligations is a breach of the MSA.

4. As a result of Sanare's breach, Warrior/Superior seek damages in amounts to be determined at trial. Warrior/Superior has already incurred in excess of $75,000 in legal fees defending the matter. Warrior/Superior's damages accrue daily, as they continue to incur losses defending against claims in the Lawsuit.

## II. JURISDICTION

5. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Warrior/Superior and Sanare are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs.

## III. VENUE

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district, as the instant lawsuit

arises from Sanare's failure to indemnify Warrior/Superior for claims asserted against Warrior/Superior in the Lawsuit, which is also in the Southern District of Texas.

7. Moreover, venue in this district is also proper according to Section 13.1 of the MSA, which states that "the state and federal courts located in Harris County, Texas shall be the sole venue for the resolution of any disputes arising hereunder."

## IV.  PARTIES

8. Plaintiff Warrior is a Delaware corporation and has its principal place of business at 5801 Hwy 90 East, Broussard, Louisiana 70518.

9. Plaintiff Superior is a Delaware corporation and has its principal place of business at 1001 Louisiana Street, Suite 2900, Houston, Texas 77002.

10. Defendant Sanare is a limited liability company formed under the laws of Delaware. Sanare has one member, Stockbridge Natural Resources, LLC, which has one member, Apure Capital Partners, LLC, which has one member, Oakridge Energy Partners, LLC, which has one member, David Wiley. David Wiley is an individual residing and domiciled in Franklin, Tennessee. Thus, David Wiley is a citizen of Tennessee. Because David Wiley is a citizen of Tennessee, Oakridge Energy Partners, LLC is a citizen of Tennessee. Because Oakridge Energy Partners, LLC is a citizen of Tennessee, Apure Capital Partners, LLC is a citizen of Tennessee. Because Apure Capital Partners, LLC is a citizen of Tennessee, Stockbridge Natural Resources, LLC is a citizen of Tennessee. Because Stockbridge Natural Resources, LLC is a citizen of Tennessee, Sanare is a citizen of Tennessee.

## V.  CONDITIONS PRECEDENT

11. All conditions precedent have been performed or have occurred.

## VI.  FACTS

12. On October 14, 2021, Sanare and Warrior executed a written contract, the MSA.

13. In the MSA, Sanare is referred to as the "Company" and Warrior the "Contractor."

14. Section 1 of the MSA provides that all work and/or services performed by the "Contractor" for the "Company" will be subject to all the terms and conditions of the agreement.

15. Section 4.3 of the MSA provides that Sanare is required to defend and indemnify "Contractor Group" from and against all claims, losses, damages, suits, and liabilities of every kind and character for "injury to or illness or death of any member of Company Group."

16. Section 4.2.3 of the MSA provides that "'Claims' means losses of every kind and character . . .," including but not limited to litigation costs and judgements.

17. The term "Company Group" is expressly defined in Section 3.1 of the MSA to include Sanare, "its parent, subsidiary, affiliates and related companies or entities, and their working interest owners, co-lessees, co-venturers, joint interest owners, co-owners, contractors and subcontractors . . ., agents, and invitees."

18. "Contractor Group" is defined under Section 3.1 to mean Warrior, "its parent, subsidiary, affiliates and related companies or entities, partnerships, subsidiaries and its and their subcontractors of any tier, agents and invitees" and these parties "agents, vessels, shareholders, directors, officers, employees (including spouses and relatives of employees), servants, managers and members." Superior is the parent company of Warrior.

19. Section 13 of the MSA provides that Texas law applies to the claims herein.

20. On May 17, 2024, Warrior/Superior were joined in the Lawsuit. The Lawsuit involves a "wrongful death and survival action." Specifically, the plaintiffs in the Lawsuit allege that on or about March 25, 2022, the decedent plaintiff suffered fatal injuries when the acts and/or omissions of certain defendants, including Sanare and Warrior/Superior, caused a portion of equipment at Sanare's offshore facility to collapse and fall into the ocean. The plaintiffs in the

Lawsuit allege that the decedent was present at the facility as an invitee of Sanare and/or an employee of one of Sanare's contractors, SBS Energy Services, LLC.

21. On May 24, 2024, Warrior/Superior provided written notices of claims and demand for defense and indemnity to Sanare via U.S. Certified Mail and via email to Sanare's counsel of record in the Lawsuit.

22. On May 31, 2024, Sanare acknowledged via email correspondence that it received Warrior/Superior's written notices of claims and demand for defense and indemnity. Moreover, Sanare requested that Warrior/Superior provide the following items to assist its evaluation of Warrior/Superior's demands for defense and indemnity:

- Any service orders;
- Any communications with Sanare regarding the work to be performed prior to contracting and from the time of contracting until the date of the underlying incident;
- Any bids, quotations, tenders, or similar documents sent to Sanare regarding the work that was to be performed; and
- All invoices for the subject work.

23. On June 21 and 28, 2024, Warrior/Superior provided Sanare with the requested information set out in the preceding paragraph.

24. As of the date of this filing, Sanare refuses to defend and indemnify Warrior/Superior for the claims asserted against them in the Lawsuit.

**VII.    COUNT 1—CLAIM FOR INDEMNITY/BREACH OF CONTRACT**

25. Warrior/Superior repeats and reallege the preceding paragraphs hereof, as if fully set forth herein.

26. Warrior/Superior performed their obligations under the MSA.

27. In the MSA, Sanare agreed to protect, defend, indemnify, and hold Warrior/Superior harmless from and against any and all claims for property damage, injury to or

illness or death of any member of the "Company Group." The plaintiff in the Lawsuit asserting claims against Warrior/Superior is a member of the "Company Group." The injuries for which damages are sought against Warrior/Superior in the Lawsuit arise out of work and/or services that Warrior/Superior allegedly performed under the MSA.

28. Warrior/Superior notified Sanare of the Lawsuit and made written demands for defense and indemnity for the claims asserted against them arising out the Lawsuit.

29. Sanare has not performed its contractual obligations under the MSA. Specifically, Sanare has not protected, defended, indemnified, and held Warrior/Superior harmless from and against any and all claims arising out of the March 25, 2022 incident and subsequent Lawsuit. Sanare's nonperformance is a breach of the MSA.

30. By reason of the foregoing, Warrior/Superior have incurred general damages. More specifically, Warrior/Superior have incurred legal expenses in their defense of the Lawsuit.

31. Warrior/Superior's general damages flow directly from and are the natural and probable consequences of Sanare's breach.

32. Warrior/Superior's rights under the MSA for defense and indemnity are ongoing. Thus, as Warrior/Superior continue to incur losses, Warrior/Superior reserve the right to supplement their claims for contractual indemnification/breach of contract.

33. Sanare is liable in an amount to be determined at trial, plus interest, costs, and attorney's fees.

## VIII.   COUNT 2—DECLARATORY JUDGMENT

34. Warrior/Superior hereby restate the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

35. Warrior/Superior seek relief under the Declaratory Judgment Act. 28. U.S.C. §2201.

36. Warrior/Superior asks that the Court declare certain rights and duties between Warrior/Superior and Sanare under the MSA.

37. The MSA at issue did not specify an amount of coverage each party agreed to provide but instead only stated a specific "floor" or "Minimum Insurance Requirements" of coverage. *See* MSA, Exhibit "A." Moreover, "Minimum Insurance Requirements" states that "[a]ny language in any policy of insurance which limits coverage for Contractor Group or Company Group in the event of the applicability of Limitation of Liability Statute shall be deleted." Further, Section 3.1 of the MSA titled "Coverage" states:

> Company and Contractor agree to procure and maintain . . . policies of insurance in favor of Contractor…in the *minimum* amounts outlined in the Exhibits attached hereto…**It is expressly understood and agreed that the insurance provision of this Agreement, including the minimum required limits of Exhibit "A" and Exhibit "B" are intended to assure that certain <u>minimum</u> standards of insurance protection are afforded by Company and Contractor and the specifications herein of any amount or amounts shall be construed to support but not in any way to limit the liabilities and indemnity obligations of Contractor and Company**."

(emphasis added).

38. As such, Plaintiffs Warrior/Superior seek a declaration that the amount of indemnity owed by Sanare to Warrior/Superior is the total amount of insurance (or tower of insurance) possessed by Sanare.

### IX.   ATTORNEY'S FEES AND COSTS

39. Warrior/Superior hereby restate the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

40. Under Texas law, Warrior/Superior are entitled to recover reasonable and necessary attorneys' fees under Texas Civil Practice and Remedies Code Chapter 38 because this suit is for the breach of a written contract, the MSA. Warrior/Superior retained counsel, who presented Warrior/Superior's claims to Sanare on May 24, 2024. Sanare acknowledged receipt on May 31,

2024, through counsel, however, did not tender the amount owed within 30 days after the claim was presented.

## X. CONCLUSION

**WHEREFORE**, Plaintiffs Warrior/Superior request judgment as follows:

A. On Plaintiffs' Contractual Indemnification/Breach of Contract Claims, awarding damages in favor of Plaintiffs in an amount to be determined at trial.

B. A declaration that Defendant Sanare's indemnity obligation owed by Sanare to Warrior/Superior is the total amount of insurance (or tower of insurance) possessed by Sanare.

C. Awarding Plaintiffs their reasonable costs and fees under 28 U.S.C. § 1920, including attorneys' fees under Texas Civil Practice and Remedies Code Chapter 38, as well as pre- and post-judgment interest at the highest rates authorized by 28 U.S.C. § 1961 and state law.

D. Granting Plaintiffs such other and further relief as the Court deems just and proper.

Dated: August 14, 2024.                    Respectfully submitted,

**BRADLEY ARANT BOULT CUMMINGS LLP**

*/s/ James A. Collura, Jr.*
James A. Collura, Jr.
State Bar No. 24044502
jcollura@bradley.com
Zachary D. Sarver
State Bar No. 24133049
zsarver@bradley.com
600 Travis St., Suite 5600
Houston, Texas 77002
Telephone: 713-576-0300
Facsimile: 713-576-0301

**ATTORNEYS FOR PLAINTIFFS WARRIOR ENERGY SERVICES CORPORATION, LLC AND SUPERIOR ENERGY SERVICES-NORTH AMERICA SERVICES, INC.**